# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEMINOLE NATION OF OKLAHOMA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-06-556-SPS ) |
| KENNETH L. SALAZAR, Secretary of the Interior, DONNA M. ERWIN, Acting Special Trustee, Office of the Special Trustee for American Indians, and TIMOTHY F. GEITHNER, Secretary of the Treasury, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This is an action by the Plaintiff Seminole Nation of Oklahoma (the "Tribe") for an accounting regarding property (monetary and otherwise) held in trust for the Tribe by the United States of America (the "Government"). The Defendants Kenneth L. Salazar, Donna M. Erwin and Timothy F. Geithner are sued only in the their official capacities. The Government challenged the Tribe's amended complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and raises the following issues: (i) subject matter jurisdiction, including sovereign immunity and exclusive jurisdiction in other agencies and courts; (ii) proper pleading of claims under the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 101-913; (iii) the existence *vel non* of claims against the Government outside the APA; and, (iv) the statute of limitations.

The parties have addressed these issues exhaustively during a lengthy briefing schedule, and the Government's motion is now fully at issue.

Most if not all of the issues raised herein have been addressed by our sister court in the Western District of Oklahoma. *See Otoe-Missouria Tribe of Oklahoma v. Kempthorne,* 2008 WL 5205191 (W.D. Okla. Dec. 10, 2008) [Cauthron, J.]; *Tonkawa Tribe of Indians of Oklahoma v. Kempthorne*, 2009 WL 742896 (W.D. Okla. Mar. 17, 2009) [Friot, J.]. The Court is persuaded by the reasoning in those cases and will therefore apply it to this case. Thus, the Court finds that it has subject matter jurisdiction over all the claims asserted by the Tribe in the amended complaint, and that the amended complaint raises plausible claims under federal statute and common law for relief other than damages (*e. g.*, an accounting) as to both monetary and non-monetary property held in trust for the Tribe by the Government.

The Government *does* argue that its challenge to the non-APA claims asserted in *Otoe-Missouria Tribe* (and in this case) has not yet been addressed. The Court does not agree. Both *Otoe-Missouria Tribe* and *Tonkawa Tribe* specifically mention, for example, trust-based claims for an accounting rising under federal common law. *See Otoe-Missouria Tribe,* 2008 WL 5205191, at *2 (discussing establishment of "the common law obligation of Defendants to provide an accounting"); *Tonkawa Tribe,* 2009 WL 742896, at *4 ("The Amended Complaint states a claim for relief under [25 U.S.C.] § 4044, and under other federal statutes and federal common law governing the tribes."). In any event, the Court finds that the amended complaint in this case states plausible claims for relief outside the APA that are within the Court's subject matter jurisdiction.

For the reasons set forth above, the Defendants' Motion to Dismiss [Docket No. 41] is in all things hereby DENIED.

**IT IS SO ORDERED** this 31st day of March, 2009.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**